**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OSCAR ROMERO-AGUILAR,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

Nos. 05-72978
05-73201

Agency No. A038-829-204

MEMORANDUM[*]

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:     SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

In these consolidated petitions for review, Oscar Romero-Aguilar petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's removal order.  Our jurisdiction is governed by 8 U.S.C.

§ 1252.  We review de novo questions of law and constitutional claims.  *Khan v.*

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Holder*, 584 F.3d 773, 776 (9th Cir. 2009). We deny the petition for review in No. 05-72978, and we dismiss the petition for review in No. 05-73201.

Romero-Aguilar does not challenge the agency's determination that he is removable under 8 U.S.C. § 1227(a)(2)(A)(iii) based on his 1989 conviction for lewd or lascivious acts with a child under 14 years of age in violation of California Penal Code § 288(a).

The agency determined that Romero-Aguilar is ineligible for relief under former section 212(c), 8 U.S.C. § 1182(c) (repealed 1996), because his ground of removability lacks a statutory counterpart in a ground of inadmissibility. *See* 8 C.F.R. § 1212.3(f)(5). Romero-Aguilar's legal and constitutional challenges to this determination are unavailing. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 n.7 (9th Cir. 2009) (en banc).

We do not reach the equal protection contentions Romero-Aguilar sets forth for the first time in his reply brief. *See Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996) (per curiam) (issue raised for the first time in the reply brief is waived).

Romero-Aguilar's motion for the court to set a supplemental briefing schedule is denied.

We lack jurisdiction to review Romero-Aguilar's transferred habeas petition because it was not pending in the district court on the date of enactment of the REAL ID Act. *See Singh v. Mukasey*, 533 F.3d 1103, 1105 (9th Cir. 2008).

**In No. 05-72978: PETITION FOR REVIEW DENIED.**

**In No. 05-73201: PETITION FOR REVIEW DISMISSED.**